**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| HISENSE USA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TVNGO LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. __________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Hisense USA Corporation ("Hisense" or "Plaintiff") for its complaint against Defendant TVnGO Ltd. ("TVnGO" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Hisense brings this action seeking a declaratory judgment that Plaintiff's Hisense-branded smart televisions, including Hisense's L-series Laser TVs (the "Relevant Products") (a) do not infringe any claim of U.S. Reissue Patent No. RE50,328 ("the '328 Patent," attached hereto as Exhibit A); (b) do not infringe any claim of U.S. Reissue Patent No. RE50,399 ("the '399 Patent," attached hereto as Exhibit B); and (c) Plaintiff does not and has not infringed, induced others to infringe, or contributed to the infringement by others of any claim of the '328 Patent and '399 Patent (collectively, "the Asserted Patents").

2. Plaintiff seeks a declaratory judgment that Plaintiff and its customers, distributors, and end-users do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents and a declaratory judgment that the Relevant Products do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents.

3. Plaintiff seeks this necessary relief because TVnGO, which claims to be the owner of the Asserted Patents, has contacted Hisense in writing, and in that writing, alleged infringement of at least one claim of each of the Asserted Patents. (*See* Exhibit C).

4. In its communication with Hisense, TVnGO specifically referenced the Relevant Products, explicitly identified an allegedly infringing claim, and thereby established at least a reasonable apprehension and reasonable potential that TVnGO would file a lawsuit against Plaintiff or its customers, distributors, or end-users alleging infringement of one or more claims of each of the Asserted Patents.

5. The reasonable apprehension that TVnGO will file a lawsuit against Hisense is also supported by TVnGO's recent lawsuit in the Western District of Texas, where TVnGO sued Samsung asserting claims of the Asserted Patents. *See, e.g., TVnGO Ltd. v. Samsung Electronics, Co., Ltd.*, No. 7:25-cv-00549, at ¶ 1 (E.D. Tex. filed November 26, 2025), Dkt. No. 1.

6. TVnGo's actions have thus (i) cast uncertainty over Plaintiff's businesses, products, and customers, distributors, or end-users; (ii) injured and are injuring Plaintiff's businesses and business relationships; and (iii) created a concrete and immediate justiciable controversy between Plaintiff and TVnGO. Accordingly, Plaintiff brings this case to clear its name and to protect itself against TVnGO's meritless claims.

## PARTIES

7. Plaintiff Hisense USA Corporation is a Georgia corporation with a principal place of business at 5995 Windward Parkway Suite 500-A, Alpharetta, GA, 30005.

8. TVnGO Ltd. is a limited liability company operating and existing under the laws of the British Virgin Islands, with a principal place of business at Palm Grove House, Road Town, Tortola, VG1110 British Virgin Islands.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331, and 1338(a) because this action arises under the patent laws, and seeks relief under the Federal Declaratory Judgment Act. 28 U.S.C. § 2201.

10. TVnGO is subject to personal jurisdiction in the Northern District of Georgia. TVnGO recently sent a letter to Hisense, a resident of the District, pressuring Hisense to license the Asserted Patents for the production and sale of

products in the District that TVnGO alleges are covered by one or more claims of each of the Asserted Patents. Upon information and belief, TVnGO's only business is to license patents and thus TVnGO conducted substantial business in this District. As such, TVnGO has purposefully directed activities at residents of this District, and assertion of personal jurisdiction is reasonable and fair.

11. Alternatively, to the extent TVnGO is not subject to jurisdiction in any state's courts of general jurisdiction, this Court has personal jurisdiction over TVnGO pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Exercising jurisdiction in this District is consistent with the U.S. Constitution and laws.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because TVnGO has conducted substantial business within this District, is subject to personal jurisdiction within this District, and a substantial part of the events giving rise to this action occurred within this District.

13. Alternatively, because TVnGO is a British Virgin Islands entity, venue is proper in any District pursuant to 28 U.S.C. § 1391(c)(3).

## BACKGROUND

14. Hisense USA Corporation is headquartered in Alpharetta, GA and its mission is to improve consumers' lives by providing innovative and affordable products through the research and development of electronic products for the home.

15. On information and belief, TVnGO was established April 28, 2002 and is a limited liability company based in the British Virgin Islands.

16. In its correspondence to Hisense, TVnGO purports to own the ’328 Patent, entitled “Forming Overlays at User's Premises and Utilizing Them for Selective Combinations of TV Broadcast Channel Format Material and IP-Format Material.” The ’328 Patent reissued on March 4, 2025. The ’328 Patent is a reissue of U.S. Patent No. 9,407,969

17. In its correspondence to Hisense, TVnGO also purports to own the ’399 Patent, entitled “Method and Apparatus for Facilitating Toggling Between Internet and TV Broadcasts.” The ’399 Patent reissued on April 22, 2025. The ’399 Patent is a reissue of U.S. Patent No. 8,132,220.

18. On or about September 9, 2026, TVnGO sent a letter to Hisense in Georgia, alleging that Hisense infringed one or more claims of each of the Asserted Patents (the “Demand Letter,” which is attached as Ex. C).

19. In the Demand Letter, TVnGO alleges that making, using, selling, and/or offering for sale the identified Hisense Relevant Products infringe one or more claims of each of the Asserted Patents, identifying claim 13 from each patent.

20. Based on the above Demand Letter, Plaintiff has a reasonable apprehension, and there exists a reasonable potential, that TVnGO will file an action against Plaintiff and allege that Plaintiff has directly infringed one or more claims of

each of the Asserted Patents by making, using, selling, and/or offering for sale the Relevant Products.

21. Plaintiff also has a reasonable apprehension, and there exists a reasonable potential, that TVnGO will file an action against Plaintiff and allege that Plaintiff has actively induced customers, distributors, or end-users to infringe one or more claims of each of the Asserted Patents by, among other things, making available to end-users the Relevant Products.

22. Plaintiff also has a reasonable apprehension, and there exists a reasonable potential, that TVnGO will file an action against Plaintiff and allege that Plaintiff has contributed to the infringement of one or more claims of each of the Asserted Patents by, among other things, making available to end-users the Relevant Products.

23. However: (i) Plaintiff has not infringed any claim of the Asserted Patents, (ii) the Relevant Products do not infringe any claim of the Asserted Patents, (iii) Plaintiff has not induced others to infringe any claim of the Asserted Patents, and (iv) Plaintiff has not contributed to the infringement by others of any claim of the Asserted Patents.

24. TVnGO's meritless claims and allegations have (i) cast uncertainty over Plaintiff's businesses and the Relevant Products, (ii) injured and are injuring

Plaintiff's businesses and business relationships, and (iii) created a concrete and immediate justiciable controversy between Plaintiff and TVnGO.

25. Hisense brings this case to clear its name and to protect its customers, distributors, or end-users against TVnGO's meritless claims of infringement.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the '328 Patent)**

26. Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

27. Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '328 Patent, or any of the claims that depend thereupon, including claim 13.

28. The Relevant Products at least, by way of example, do not literally, or under the doctrine of equivalents, meet the limitation of claim 13 of the '328 Patent that requires: "an Internet data input providing overlay-enabling digital data over the Internet" (Ex. A, at col. 10, ll. 60–1). Relevant Products do not infringe because, among other reasons, they do not include "overlay-enabling digital data over the Internet." (*Id.*).

29. The claim limitation recited by the preceding paragraph is present in independent claim 13 of the '328 Patent, which TVnGO alleges Hisense's Relevant Products meet.

30. Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim 13 of the ’328 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 13 of the ’328 Patent.

31. Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the ’328 Patent, literally or under the doctrine of equivalents.

32. Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim, including claim 13, of the ’328 Patent, literally or under the doctrine of equivalents.

33. Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim, including claim 13, of the ’328 Patent, literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the ’399 Patent)**

34. Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

35. Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '399 Patent, or any of the claims that depend thereupon, including claim 13.

36. The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 13 of the '399 Patent that requires: "an Internet data source providing overlay-enabling digital data over the Internet" (Ex. B, at col. 10, ll. 46–7). Relevant Products do not infringe because, among other reasons, they do not include "overlay-enabling digital data over the Internet." (*Id.*).

37. The claim limitation recited by the preceding paragraph is present in independent claim 13 of the '399 Patent, which TVnGO alleges Hisense's Relevant Products meet.

38. Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim 13 of the '399 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 13 of the '399 Patent.

39. Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '399 Patent, literally or under the doctrine of equivalents.

40. Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim, including claim 13, of the ’399 Patent, literally or under the doctrine of equivalents.

41. Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim, including claim 13, of the ’399 Patent, literally or under the doctrine of equivalents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against TVnGO as follows:

42. For judgment that Plaintiff and its customers, distributors, or end-users do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents;

43. For judgment that the Relevant Products do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents;

44. To enjoin TVnGO and its officers or employees from: (1) alleging that Plaintiff or its customers, distributors, or end-users infringe any claim of the Asserted Patents; (2) taking any action to suggest that Plaintiff or its customers, distributors, or end-users require a license from TVnGO for any claim of the

Asserted Patents; or (3) pursuing or continuing to pursue infringement actions against Plaintiff or its customers, distributors, or end-users based on the manufacture, use, sale, or offer for sale, or importation of the Relevant Products;

45. For costs and reasonable attorneys' fees incurred in connection with this action; and

46. For such other and further relief as the Court deems just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable in this Complaint.

Dated: October 21, 2026

Respectfully submitted,

*/s/ Christopher S. Leah*

Christopher S. Leah (Ga Bar No. 396228)
Sydney Grell (Ga Bar No. 670161)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
404.815.6081(telephone)
404.541.4664 (fax)
cleah@ktslaw.com
sgrell@ktslaw.com

Of Counsel
Matias Ferrario
*(pro hac vice pending)*
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
336.607.7475 (telephone)
336.734.2651 (fax)
mferrario@ktslaw.com

Kevin M. Bell
*(pro hac vice pending)*
Kilpatrick Townsend & Stockton LLP
1400 Wewatta St., Suite 600
Denver, CO 80202
303.607.3368 (telephone)
303.265.9618 (fax)
kbell@ktslaw.com

Zhaohai (Daniel) Sui
*(pro hac vice pending)*
Kilpatrick Townsend & Stockton LLP
320 S. Canal Street, Suite 4500
Chicago, Illinois 60606
312-628-7197 (telephone)
312-284-2131 (fax)
dsui@ktslaw.com